LENA GREENWALD, APPELLANT, v. ABRAHAM GELLER, RESPONDENT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellant, *James F. X. O'Brien.*

For the respondent, *Edward A. Markley.*

PER CURIAM.

This is an appeal from a judgment entered upon a verdict directed in favor of the defendant.

Geller was the owner of several stores adjacent to one another, and located on Runyon street, in the city of Newark. Each of these stores had rooms in the rear, the stores and the rooms being occupied by the respective tenants thereof, and the several buildings each had a separate porch at the rear of the rooms, composed of three steps and a landing, to enable tenants and persons who visited them to get into and out of these rear rooms. The plaintiff was a friend and relative of one Goodman, who was in the possession as tenant of one of the stores and of the rooms at the rear thereof. She came up the steps of the porch at the rear of his premises for the purpose of entering the room with which it communicated. One of the steps was out of repair, and

she caught her foot in a break therein, and, falling, received the injuries for which she now seeks compensation from the defendant.

The lease made by Geller, the defendant and owner of the property, to his tenant, Goodman, had the following provision in it: "The tenant shall take good care of the premises, and shall at his own cost and expense make all repairs, and at the end or other expiration of the term shall deliver up the demised premises in good order or condition, damages by the elements excepted." The lease also contained a provision that the landlord or his representative should have the right to enter into and upon the leased premises for the purpose of examining the same and making such repairs or alterations as might be necessary for the safety and preservation thereof. The first of these provisions imposed upon the tenant the absolute obligation of keeping the leasehold property in repair; and, as the porch was for the sole use of parties occupying the leased premises and was not connected with any other of the stores or buildings owned by the defendant, it was, by necessary implication, included in the lease; for, if it was not, then neither the tenant or his invitees would have any right to use it for the purpose of ingress to and egress from the leased premises, and the landlord, at his pleasure, could have it removed, even against the protest of the tenant. The other provision contained in the lease, and hereinbefore referred to, is a mere right reserved to the landlord, which he may or may not exercise as he sees fit, and imposes no obligation upon him to relieve the tenant from the burden of making repairs to the leased property.

There being no obligation resting upon the defendant to keep the porch in repair, the trial court properly directed a verdict in his favor, and the judgment under review will be affirmed, with costs.